## Snyder v. Snyder

*Allen S. Olmsted, 2nd,* for libellant.

MacDade, J., August 11, 1941.—This is an annulment proceeding under the Act of July 24, 1913, P. L. 1013, sec. 3, 48 PS §15, relating to the issuing of marriage licenses, and the procedure is similar to an action in divorce "a vinculo matrimonii". However, the reason assigned for the annulment is so unusual and infrequent, we feel we should note the same in granting the annulment; having already made the final rule for an annulment absolute.

The cause of annulment, as alleged in the libel, was that, at the time of the application for a marriage license and at the time of the supposed marriage, respondent was not entitled to a marriage license under the Act of 1913, supra, and that in fraud of libellant's rights he concealed the said fact of his physical condition from libellant and from the marriage license clerk. Respondent's said physical condition makes cohabitation unsafe and marriage impossible.

From a synopsis of the testimony, we find that respondent, in his application for marriage license, stated that he was not an epileptic. As a matter of fact he had

been afflicted with epilepsy for two years or more. This fact he withheld from libellant.

The master recommended that the prayer of libellant be granted and that a decree be entered declaring null and void the supposed or alleged marriage contracted between libellant and respondent, by reason of respondent, Donald McLean Snyder, not being entitled to a marriage license under the Act of July 24, 1913, P. L. 1013, sec. 3, 48 PS §15.

The unfortunate fact is, omitting the medical testimony and a description of respondent's seizures, that respondent is, and was for several years before the marriage, an epileptic. As such he was not entitled to a marriage license and not entitled to be married in this State. The doctor testified that the dissolution of the marriage by annulment would be medically advantageous to respondent.

Freedman, in his recent book on the law of marriage and divorce in Pennsylvania, at page 390, says:

"Mere general ill-health, however unfortunate in impairing the happiness of a marriage, is not fraud. Nor does the assumption of a false name amount to fraud. Where, however, the nature of the physical disability so vitally affects the marital relation that cohabitation is made dangerous because of the existence of a chronic and contagious disease, false representation or non-disclosure alone, with knowledge of the fact, is now generally held sufficient fraud to constitute cause for annulment or divorce, because it goes to the essentials of marriage. Accordingly, it is generally held in the United States that fraud is made out in cases of false representation or concealment of leprosy, chronic tuberculosis, venereal disease, epilepsy, barrenness caused by surgical removal of ovaries, even though impotence in its legal sense is not thereby made out, or concealment of past insanity."

Before 1935, annulments were to be had only of bigamous marriages. The Act of July 15, 1935, P. L.

1013, amending The Divorce Law of May 2, 1929, P. L. 1237, extends the annulment proceedings to all void marriages.

For a case of an annulment of a marriage for violation of the marriage law, see Stover, etc., v. Stover, Jr., no. 644, June term, 1939, MacDade, J.

Hence, the decree of annulment this day filed and intended to be part hereof by reference thereto.